| DISTRICT COURT, TELLER COUNTY, COLORADO<br>Court Address:<br>101 W. Bennett Avenue<br>P.O. Box 997<br>Cripple Creek, CO 80813<br>719-689-7360 | DATE FILED: May 3, 2022 10:15 AM<br>FILING ID: 3AC525DA4AC1C<br>CASE NUMBER: 2022CV30031 |
|---|---|
| Plaintiff: Christopher Skelton<br><br>v.<br><br>Defendants: LM General Insurance Company | ▲ COURT USE ONLY ▲ |
| Attorneys for Plaintiff:<br>Alexander F. Beale, #52430<br><br>Franklin D. Azar & Associates, P.C.<br>14426 East Evans Avenue<br>Aurora, CO 80014<br>Phone Number: (303) 757-3300<br>Fax Number:    (303) 757-3206<br>E-Mail: bealea@fdazar.com | Case No. 2021CV030047<br><br>Division: 23 |
| **COMPLAINT** ||

Christopher Skelton, by and through his attorneys, Franklin D. Azar and Associates, P.C., for his Complaint against the Defendant, LM General Insurance Company ("Defendant LM General") states and alleges as follows:

## I.  PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Christopher Skelton is an individual and resident of the State of Colorado.

2. Defendant LM General is a foreign corporation doing business in the State of Colorado with its registered agent being Corporation Service Company, 1900 W. Littleton Boulevard, Littleton, CO 80120.

3. Jurisdiction is proper in this action pursuant to C.R.S. § 13-1-124, as the incident underlying this cause of action occurred within Teller County, State of Colorado.

4. Venue is proper in this action pursuant to C.R.C.P. § 98(c).

## II.  GENERAL ALLEGATIONS

5. This matter involves an automobile collision that occurred at approximately 9:30 AM on February 8, 2018.

6. At the time of the collision, Plaintiff was the driver of a 2016 Chevrolet Model 20 van ("Plaintiff's Vehicle").

7. At the time of the collision, Glen Chambers, a nonparty, was driving a 2002 Subaru Legacy ("Mr. Chambers' Vehicle").

8. The collision occurred at or around milepoint 4 on Teller County Road 42 in Teller County, Colorado.

9. Prior to the collision, Plaintiff's Vehicle was stopped for traffic while travelling westbound on Teller County Road 42.

10. Prior to the collision, Mr. Chambers was travelling eastbound on Teller County Road 42.

11. Mr. Chambers lost control of his vehicle.

12. The front of Mr. Chambers' Vehicle collided with the front of Plaintiff's Vehicle.

13. The front of Mr. Chambers' Vehicle sustained damage as a result of the collision.

14. The front of Plaintiff's Vehicle sustained damage as a result of the collision.

15. Mr. Chambers was driving carelessly at the time of the collision.

16. The road was straight where the collision occurred.

17. The road was level where the collision occurred.

18. Mr. Chambers should have been driving safely.

19. No third person caused the collision.

20. Colorado State Patrol investigated the collision.

21. Colorado State Patrol determined that Mr. Chambers was driving 50 miles per hour just before his vehicle struck Plaintiff's Vehicle.

22. Mr. Chambers was driving at least 50 MPH just before his vehicle struck Plaintiff's Vehicle.

23. Mr. Chambers was at fault for the collision.

24. Plaintiff incurred injuries, losses, and damages as a result of the collision.

25. Plaintiff's injuries, losses, and damages were caused by Mr. Chambers' negligence.

26. Mr. Chambers drove his vehicle without due regard for traffic on the roadway.

27. Mr. Chambers was not driving safely at the time of the collision.

28. Plaintiff was driving safely at the time of the collision.

29. Mr. Chambers was driving carelessly at the time of the collision.

30. Mr. Chambers' careless driving was a cause of the collision.

### III. ADDITIONAL GENERAL ALLEGATIONS

31. Plaintiff incorporates all prior allegations as though fully set forth herein.

32. At the time of the collision, Mr. Chambers was insured with bodily injury liability limits of $100,000 per person.

33. Mr. Chambers' insurance carrier tendered the full $100,000 in bodily injury liability limits by letter dated May 11, 2020.

34. At the time of the collision, Plaintiff was covered an underinsured motorist ("UIM") policy through Defendant LM General with UIM limits of $50,000 per person.

35. Defendant LM General received timely notice of the incident and Plaintiff's injuries.

36. On or about July 12, 2018, Plaintiff sent Defendant LM General copies of Plaintiff's medical records for services rendered as a result of the collision and corresponding medical bills.

37. On or about June 27, 2019, Plaintiff sent Defendant LM General updated copies of Plaintiff's medical records for services rendered as a result of the collision and corresponding medical bills totaling $26,238.17.

38. Plaintiff continued providing Defendant LM General with additional medical and billing records as he obtained additional treatment for his injuries.

39. Prior to filing the instant lawsuit, Plaintiff provided Defendant LM General with approximately $58,505.60 in medical bills and accompanying medical records.

40. Prior to filing the instant lawsuit, Defendant LM General made a "compromise offer" of $10,000.00.

41. Defendant LM General's evaluation of Plaintiff's UIM claim resulted in a determination that $10,000.00 in UIM benefits were owed.

42. To date, defendant has failed to pay Plaintiff any UIM benefits deemed owed.

43. Defendant LM General engaged Dr. Stephen Pehler, a nonparty, to conduct a peer review of the medical records Defendant LM General had at the time.

44. Dr. Pehler completed his peer review report on August 24, 2020.

45. Plaintiff provided Defendant LM General additional medical bills and records after Dr. Pehler completed his peer review report.

46. Defendant LM General did not engage Dr. Pehler or any other physician to conduct a new or updated peer review report based on the new information received after August 24, 2020.

47. Defendant LM General's tactics for paying UIM claims is tantamount to extortion. Plaintiff has to negotiate for less than policy limits even if he disagrees that his claim is worth less than that. Moreover, Defendant LM General's refusal to tender the $10,000.00 it deemed owed is an essential delay and denial of his claim.

48. Defendant LM General has failed to consider all of Plaintiff's past and future medical expenses, injuries, damages, and losses.

49. Defendant LM General has failed to take into consideration the full amount of Plaintiff's physical impairment.

50. Defendant LM General has a duty to promptly investigate the underinsured motorist claims and explain the basis of its evaluation.

51. Defendant LM General has delayed and/or denied payment of benefits owed in the amount of $50,000 to the Plaintiff pursuant to the applicable underinsured motorist policy.

52. Defendant LM General has unreasonably delayed and/or denied payment of benefits owed Plaintiff pursuant to the applicable underinsured motorist policy.

53. Defendant LM General has unreasonably delayed and/or denied payments of

benefits owed to Plaintiff pursuant to his underinsured motorist policy.

54. Defendant LM General has not provided a reasonable explanation for the delay and/or denial of Plaintiff's benefits pursuant to the underinsured motorist policy.

55. Defendant LM General has violated Colorado law by refusing to follow the requirements of *Fisher v. State Farm.*

## FIRST CLAIM FOR RELIEF
### (Breach of Contract against Defendant LM General)

56. Plaintiff incorporates all prior allegations as though fully set forth herein.

57. Prior to the collision, Plaintiff entered into a contract with Defendant LM General for the purpose of obtaining automobile insurance; the contract includes underinsured motorist coverage.

58. Under Plaintiff's policy, Plaintiff is an insured.

59. As an insured under the policy, Plaintiff is afforded underinsured motorist coverage under the policy.

60. The Policy requires Defendant LM General pay Plaintiff damages in amounts greater than the limits of any applicable liability insurance.

61. The Policy does not require Plaintiff provide Defendant LM General any consideration in exchange for payment of underinsured motorist benefits.

62. The Policy does not require Plaintiff negotiate with Defendant LM General as a condition to receiving payment of underinsured motorist benefits.

63. At all times pertinent, all the premiums as required under the contract for insurance were paid to Defendant LM General.

64. Plaintiff timely notified Defendant LM General of his claim for underinsured motorist benefits.

65. Plaintiff fully cooperated with Defendant LM General in connection with his claim for underinsured motorist benefits.

66. Plaintiff is an intended beneficiary of Defendant LM General's insurance policy/contract and is therefore entitled to enforce its terms.

67. Defendant LM General failed to issue payment to Plaintiff and did so without a reasonable basis.

68. Defendant LM General failed to issue payment to Plaintiff and did so in an arbitrary manner.

69. Defendant LM General has refused to pay Plaintiff the full amounts due to him under the underinsured motorist coverage; therefore, Defendant LM General has breached its contract of insurance.

70. Plaintiff is entitled to be fully compensated by Defendant LM General for all damages involving the medical expenses he incurred.

## SECOND CLAIM FOR RELIEF
**(First Party Statutory Claim Under C.R.S. § 10-3-1116 Against Defendant LM General)**

71. Plaintiff incorporates all prior allegations as though fully set forth herein.

72. Defendant LM General has denied and delayed payment of underinsured motorist benefits to Plaintiff without reasonable basis for its action.

73. Defendant LM General's unreasonable position and conduct has caused Plaintiff damage by the loss of the compensation that is due to him and which Defendant LM General should have previously paid him.

74. In accordance with C.R.S. §10-3-1116, Plaintiff is entitled to recover from Defendant LM General an additional two times the covered benefits plus reasonable attorney's fees and court costs.

## THIRD CLAIM FOR RELIEF
**(Common Law Bad Faith Against Defendant LM General)**

75. Plaintiff incorporates all prior allegations as though fully set forth herein.

76. Defendant LM General owed Plaintiff a duty to act in good faith in reviewing, adjusting and settling his claims.

77. Defendant LM General breached its duties to Plaintiff, and acted in bad faith, through its conduct as described above and by engaging in the following, among other acts:

   a. Compelling Plaintiff to institute litigation to recover amounts due him under the underinsured motorist benefits afforded him under the policy;

    b. favoring its own interests over Plaintiff's, to whom Defendant LM General owes fiduciary and statutory duties;

    c. denying or delaying payment for economic and non-economic damages Plaintiff sustained as a result of the collision with an underinsured motorist;

    d. misrepresenting the terms of the policy to Plaintiff by purportedly requiring him to negotiate a settlement in order to be paid underinsured motorist benefits;

    e. unfairly attempting to obtain a release of its own contractual and extra-contractual liability in exchange for meeting its own obligations under the terms of the policy;

    f. attempting to induce Plaintiffs into accepting less than the full value of his underinsured motorist claim in order to be paid amounts LM General itself has determined it is willing to pay him;

    g. incompetently evaluating Plaintiff's claim; and

    h. other conduct to be discovered in this matter.

78. Defendant LM General's actions were unreasonable.

79. Defendant LM General knew its conduct was unreasonable or disregarded the fact that its conduct was unreasonable.

80. As a direct result of Defendant LM General's breaches of its duties to its insured, Plaintiff has been damaged including, but not necessarily limited to:

    a. Being forced to incur additional costs in litigation;

    b. Enduring the emotional trauma of being unnecessarily involved in a lawsuit with Defendant LM General; and

    c. Being deprived of the use of funds that would otherwise be used for medical treatment and for lost wage coverage which should have been paid by now.

WHEREFORE, Plaintiff respectfully requests this Court enter judgment against Defendant LM General and in his favor for actual damages in an amount to be determined at the time of trial,

pre-judgment interest from the date of the accident, post-judgment interest, costs, expert witness fees, and for such other and further relief as this Court deems proper.

Respectfully submitted May 3, 2022.

                                              FRANKLIN D. AZAR & ASSOCIATES, P.C.
                                              By: */s/ Alexander F. Beale*
                                              Alexander F. Beale, #52430
                                              ATTORNEY FOR PLAINTIFF

**Plaintiff's Address:**
**48 Pine Bluff Road**
**Divide, CO 80814**

      *In accordance with C.R.C.P. 121, §1-26(9), a printed copy of this document with original signatures is being maintained by the filing party and will be made available for inspection by other parties or the Court upon request.*